T.C. Memo. 2007-155


UNITED STATES TAX COURT


THEODORE C. AND DENISE M. SCHWARTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2914-06L.          Filed June 18, 2007.


Theodore C. and Denise M. Schwartz, pro sese.

<u>Michele E. Craythorn</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  Petitioners filed a petition in response to a notice of determination concerning collection action(s) under section 6320 and/or 6330, in which respondent determined that a proposed levy should proceed to collect petitioners' unpaid tax

liabilities for 1997 through 2003 (years at issue).[1]  Pursuant to
section 6330(d), petitioners seek review of respondent's
determination.[2]  The issue for decision is whether the Appeals
officer abused her discretion in determining not to consider
petitioners' collection alternative.

### Background

The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  When the petition was
filed, petitioners resided in San Rafael, California.

Petitioner Theodore C. Schwartz is a self-employed dentist.
Petitioners received two Final Notices of Intent to Levy and
Notice of Your Right to a Hearing (Final Notices), each issued on
June 7, 2005, regarding petitioners' unpaid Federal income taxes,
including penalties and interest, as follows:

| Year | Unpaid tax |
|------|-----------|
| 1997 | $2,052.96 |
| 1998 | 12,861.03 |
| 1999 | 27,040.65 |

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

[2] Petitioners originally sought to have this case conducted
under the small tax case procedures of sec. 7463(f)(2).  However,
because petitioners' total unpaid tax exceeds $50,000, this Court
removed the small tax case designation and discontinued
proceeding under the small tax case procedures of sec. 7463.  See
Schwartz v. Commissioner, 128 T.C. 6 (2007).

| 2000 | 20,154.68 |
| 2001 | 37,315.70 |
| 2002 | 30,729.60 |
| 2003 | 23,566.81 |
| Total | 153,721.43 |

On July 5, 2005, petitioners, through their authorized representative, executed and submitted a Form 12153, Request for a Collection Due Process Hearing. Attached was a letter, which stated in relevant part:

> Levies placed on bank accounts would cause undue hardship. The taxpayer has made Estimated Tax Deposits for 2005. The taxpayer is completing Financial Form 433-A. This will assist in determining repayment ability. It would also result in the inability to pursue all avenues to resolve this liability and prevent the repayment of the outstanding liability owed to the Internal Revenue Service.
>
> In light of the taxpayer's current situation, it is requested that no enforcement action take place against Theodore and Denise Schwartz. The taxpayer is interested in resolving this liability as quickly and efficiently as possible.

On September 15, 2005, respondent sent petitioners a letter acknowledging receipt of petitioners' case in respondent's San Jose Appeals Office. On September 23, 2005, Appeals Officer Colleen Cahill (Ms. Cahill) sent petitioners a letter inviting them to contact her to schedule a section 6330 hearing and to request that petitioners provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a signed 2004 tax return, and proof of

estimated tax payments for 2004 and 2005.[3]  On October 19, 2005,
Ms. Cahill sent petitioners a second letter providing petitioners
with a second opportunity to contact her to schedule a section
6330 hearing and to submit the requested documentation.[4]

Petitioners' authorized representative, Dwayne Riggs, II
(Mr. Riggs), held a section 6330 hearing by telephone on December
2, 2005, for the years at issue with Ms. Cahill, who had no prior
involvement with respect to the unpaid tax.  On the same day, Mr.
Riggs faxed to Ms. Cahill a letter offering a collection
alternative in the form of an installment agreement.[5]

Petitioners were not current with their 2005 estimated tax
payments at the time of their section 6330 hearing, and Mr. Riggs
did not raise any issues regarding the validity or the amount of
the liability or any other issues during the section 6330

---

[3] Also on Sept. 23, 2005, Ms. Cahill made a real property
ownership search to verify petitioners' residence address and to
determine that petitioners have sufficient equity in their home
to satisfy their tax liabilities.

[4] On or about May 23, 2005, petitioners submitted to
respondent via fax Forms 433-A, Collection Information Statement
for Wage Earners and Self-Employed Individuals, and 433-B,
Collection Information Statement for Businesses.  The record is
unclear as to why Ms. Cahill requested that petitioners submit
Form 433-A 4 months after they already submitted it.

[5] Mr. Riggs's letter explained that petitioners intended to
sell their residence in order to pay their tax liabilities, but
requested that petitioners "be granted a stay of enforcement
along with a minimal monthly payment plan until the sale of the
residence."  The letter did not suggest a monthly payment amount,
but requested that the parties work together to arrive at an
appropriate amount.

hearing.  The Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 for the years at issue on January 3, 2006.  The Appeals Office determined that it could not consider petitioners' proposal for a collection alternative because petitioners were not current with estimated tax payments, that enforced collection action was not more intrusive than necessary, and that the IRS should proceed with the collection action.  Petitioners timely filed a petition to the Tax Court challenging respondent's determination.

## Discussion

A taxpayer is entitled to a notice before levy and notice of the right to a fair hearing before an impartial officer of the Internal Revenue Service Office of Appeals.  Secs. 6330(a) and (b), 6331(d).  If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  Sec. 6330(c)(2)(A).  The taxpayer cannot raise issues relating to the underlying tax liability if the taxpayer received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  A determination shall be made which shall take into consideration

those issues, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

Petitioners raise only the issue of whether a collection action is appropriate and argue that the collection action is more intrusive than necessary. A petition filed under section 6330 must contain "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error." Rule 331(b)(5). We generally consider "only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office." Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. Because petitioners do not dispute the existence or amount of their underlying tax liabilities, we review the determination for an abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

The Appeals officer's consideration and rejection of petitioners' collection alternative, an installment agreement, was reasonable and not an abuse of discretion. Her determination not to consider petitioners' proposed installment agreement was based on applicable procedures contained in respondent's Internal

Revenue Manual.[6]  According to these procedures, in determining whether a taxpayer is eligible for an installment agreement, an Appeals officer must:

> Analyze the current year's anticipated tax liability.
> If it appears a taxpayer will have a balance due at the
> end of the current year, the accrued liability may be
> included in an agreement.  Compliance with filing,
> paying estimated taxes, and federal tax deposits must
> be current from the date the installment agreement
> begins.  * * *

Internal Revenue Manual sec. 5.14.1.5.1(19).

The parties have stipulated that petitioners were not current with their 2005 estimated tax payments at the time of their section 6330 hearing.  The Appeals officer informed petitioners that she could not consider an installment agreement if petitioners were not current with their estimated tax payments.  The Appeals officer also found that all applicable law and procedural requirements were met.  Petitioners conceded they owe the sums demanded.  Their only relevant argument is that respondent should have accepted their proposed installment agreement, and that a levy is more intrusive than necessary and would cause undue hardship.

---

[6] The Internal Revenue Manual provides procedures for proposed installment agreements.  See Internal Revenue Manual sec. 5.14.1.1 to 5.14.1.6.  Those procedures contain compliance checks, which are conducted to determine a taxpayer's eligibility for an installment agreement, after a taxpayer requests such an agreement.  Id. sec. 5.14.1.5.1.

Estimated payments, intended to ensure that current taxes are paid, are a significant component of the Federal tax system, and the Appeals officer was entitled to rely on their absence in reaching her conclusions.  Cox v. Commissioner, 126 T.C. 237, 258 (2006).  In fact, petitioners' circumstances illustrate one of the reasons for requiring current compliance before granting collection alternatives such as an offer-in-compromise or an installment agreement; namely, the risk of pyramiding tax liability.[7]  Id.; see also Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004).

We generally consider "only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office."  Magana v. Commissioner, supra at 493.  The Appeals officer's exercise of discretion, therefore, must be examined in light of the facts as they existed at the time the determination was made.[8] Accordingly, we hold that the Appeals officer did not abuse her

---

[7] In addition to petitioners' noncompliance with regard to their individual income taxes, petitioners own and operate a dental practice which is currently being levied upon by respondent for unpaid employment taxes.

[8] At trial, petitioner Theodore C. Schwartz testified and presented evidence that he hoped would show petitioners were current with their estimated tax payments at the time of trial. The Court suggested that if this were true, and was the only obstacle to considering an installment agreement, the parties might be able to resolve their differences.  In a posttrial status report, respondent stated that petitioners had not satisfied their estimated tax liabilities for 2005 or 2006.

discretion, and respondent may proceed with the proposed levy action.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.